UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALISON, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-00856-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DIRECTING CLERK OF COURT TO FILE LODGED SECOND AMENDED COMPLAINT (ECF Nos. 13, 14) |

　　　　Plaintiff Homer Tyrone Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a first amended complaint as of right on March 28, 2013. On August 22, 2013, Plaintiff lodged his second amended complaint. (ECF No. 13.) Thereafter, on September 5, 2013, Plaintiff filed the instant motion for leave to amend his first amended complaint. (ECF No. 14.)

　　　　Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006). However, courts "need not grant leave to amend where the

amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712-13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

This action currently is at the screening stage pursuant to 28 U.S.C. § 1915A, and has not been served. As a result, amendment will not prejudice the opposing party or produce undue delay. There also is no indication that the amendment is brought in bad faith and, in the absence of screening, the court cannot make a determination that amendment is futile.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion seeking leave to amend the complaint, filed September 5, 2013, is GRANTED; and

2. The Clerk's Office shall file Plaintiff's second amended complaint, which was lodged with the Court on August 22, 2013.

IT IS SO ORDERED.

Dated: **September 6, 2013**   /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE