# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOMER TYRONE LEWIS, | ) | 1:12-cv-00856-LJO-BAM (PC) |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS |
| v. | ) ) | REGARDING DISMISSAL OF CERTAIN CLAIMS |
| KATHLEEN ALISON, et al., | ) ) | |
| Defendants. | ) ) | THIRTY-DAY DEADLINE |
| | ) ) | |

### I. Screening Requirement and Standard

Plaintiff Homer Tyrone Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 25, 2013, the Court directed Plaintiff either to file a third amended complaint or to notify the Court of his willingness to proceed on the cognizable claims in his second amended complaint. (ECF No. 20.) Plaintiff's third amended complaint, filed on November 18, 2013, is currently before the Court for screening. (ECF No. 21.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison, Lancaster located in Lancaster, California.  The events complained about allegedly occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF") located in Corcoran, California.  Plaintiff names CSATF Interim Warden Kathleen Alison, Corcoran State Prison Interim Warden Derral G. Adams, Corcoran State Prison Chief Deputy Warden Maurice Junious, CSATF Facility Captain P. Denny, CSATF Officer G. Parra, and CSATF Officer R. Garza in their individual and official capacities as defendants.

Plaintiff alleges as follows:  On January 31, 2011, Plaintiff was in his assigned bunk in Facility "D" Building when the control booth officer opened the cell door.  Defendant G. Parra

approached Plaintiff's cell door and issued an order for Plaintiff to stand up and step outside the cell.  When Plaintiff complied, Defendant Parra handcuffed Plaintiff, escorted him to the Facility "D" program office and placed him into a holding cell.  Defendant Parra informed Plaintiff that it was ordered by Defendants Alison and Denny that Plaintiff be removed from Facility "D" Building and placed in Administrative Segregation ("Ad-Seg") for allegations of threat to murder a correctional officer on Facility "D."

While Plaintiff was in the holding cell, Defendant Parra informed Plaintiff that she was going to conduct a cell search of Plaintiff's assigned cell.  After Defendant Parra completed the search, she confiscated three boxes of Plaintiff's civil file pertaining to his pending civil case, Case No. 1:10cv00266 LJO DLB, along with legal transcripts and law books.  Defendant Parra brought all three boxes to the Facility "D" program office to be reviewed by the Investigative Services Unit ("ISU").  Plaintiff asked Defendant Parra why only his legal materials were being confiscated, but Defendant Parra refused to answer.  Plaintiff later learned that the cell search and confiscation of legal materials was witnessed by inmate Daniel Masterson.

On February 1, 2011, Defendant Denny came to Ad-Seg and held Plaintiff's CDC 114-D unit placement hearing.  During this interview, Defendant Denny stated, "This Ad-Seg placement will teach you not to file lawsuits against my former boss, Derral G. Adams."  (ECF No. 21, p 7.)

On February 22, 2011, Plaintiff followed prison procedure and submitted a CDCR-22 request form to Defendant Parra through institutional mail.  Plaintiff requested return of all of his legal materials.

On February 28, 2011, Defendant Parra responded to Plaintiff in writing, stating "All of your legal materials [were] collected by 3rd/W Facility "D" Officer Carlos.  Therefore you need to forward an inmate request for interview to Officer Carlos." (ECF No. 21, p. 7.)

Dissatisfied with Defendant Parra's response, Plaintiff continued to exhaust his administrative remedies.  Plaintiff responded by filling out Section C of the CDCR-22 request

form for supervisor review on March 9, 2011. Plaintiff forwarded the CDCR-22 form to Defendant Parra's supervisor via institutional mail.

On the morning of March 14, 2011, Defendant Denny came to Ad-Seg on Facility "E" and held CDC 114-D hearings for other inmates. After Defendant Denny completed his hearings, he approached Plaintiff's cell door and stated, "I was informed by Kathleen Alison that you . . . recently filed a staff complaint against me and the attorney's office informed me that you sent a letter to them about the statement I made to you on February 1, 2011, about filing lawsuits against my former boss Mr. Derral Adams, and sent letter to the federal court in a motion, and now that I have your evidence and other legal materials out of your legal materials to support your lawsuit, that's the last time you'll pursue lawsuits against my colleague[]s at Corcoran Prison." (ECF No. 21, pp. 7-8.)

On March 23, 2011, Defendant Parra's supervisor, M. Ramirez, responded to Plaintiff's request form and stated, "Officer Parra was the initial person who confiscated your written materials. However, to expedite the review process, officer [C]arlos collected said property from ISU and reviewed it. Officer Carlos subsequently returned your property upon completion of his review. ISU nor Parra has any of your property. Therefore, this matter is resolved." (ECF No. 21, p. 8.)

Plaintiff alleges that Defendants tried to obtain their advantage with this Court to get Plaintiff's pending civil case dismissed when defense counsel filed their motion to dismiss on March 14, 2011. Plaintiff alleges that this is the exact date that Defendant Denny approached Plaintiff's cell door and informed Plaintiff that he had Plaintiff's legal materials.

Plaintiff alleges that Defendants Adams and Junious engaged in a conspiracy to retaliate against Plaintiff when they were served with Plaintiff's civil action in February 2011. Plaintiff claims that Defendants conspired together and held all of Plaintiff's legal materials in the ISU office at SATF from January 31, 2011 to July 8, 2011 per the order of Defendant Denny, which is documented by Defendant Garza on May 25, 2011.

Plaintiff further alleges that he repeatedly requested the return of his legal materials while in Ad-Seg. Defendants Alison and Adams, in their supervisory positions, failed to take disciplinary action against the remaining defendants.

On June 10, 2011, Plaintiff was scheduled for transfer from CSATF to Lancaster State Prison. While Plaintiff was awaiting transfer in a holding cell, Defendant Garza came to interview Plaintiff regarding his inmate grievance. During this interview, Defendant Garza, in front of an inmate witness, stated, "Mr. Lewis, Im hear [sic] to interview you about 602 appeal on missing legal materials and to inform you that Mr. Adams, Warden and Mr. Junious, Chief Deputy Warden at [Corcoran State Prison] ordered Captain P. Denny to get your legal materials for them, and after Captain P. Denny and ISU reviewed it, the Captain confiscated [1-Box] of legal materials, and then I personally consolidated the rest of your legal materials into 2-boxes." (ECF No. 21, p. 9.)

Plaintiff asserts the following causes of action: (1) retaliation in violation of the First Amendment against Defendants Alison, Adams, Junious, Denny, Parra and Garza; (2) a violation of due process/access to courts; and (3) violation of California Penal Code § 2601.

**III.  Discussion**

**A. Official Capacity and Eleventh Amendment Immunity**

As previously explained to Plaintiff, he may not bring suit for money damages against Defendants in their official capacities. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir.2007). A suit against a state official in his official capacity equates to a suit against the state employing that official, Hafer v. Melo, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), effectively barring a plaintiff from bringing suit on these grounds. However, the Eleventh Amendment does not bar a suit for monetary damages against a state official sued in his individual capacity. Id. Accordingly, the Court recommends that Plaintiff's claims for damages against Defendants in their official capacities be dismissed.

### B. First Amendment - Retaliation

Plaintiff claims that Defendants Alison, Adams, Junious, Denny, Parra and Garza retaliated against him for filing a civil lawsuit. Within the prison context, a viable claim of First Amendment retaliation consists of five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). The plaintiff does not need to show actual inhibited or suppressed speech, but that there was a chilling effect upon his speech. Rhodes, 408 F.3d at 569. The burden is on the plaintiff to plead and prove the absence of any legitimate correctional goals for the alleged conduct. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

Plaintiff has stated a cognizable claim for retaliation against Defendants Alison, Adams, Junious, Denny, Parra and Garza in their individual capacities.

### C. Violation of Due Process/Access to Courts

Plaintiff claims a violation of his right to access the courts. Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185–87, 153 L.Ed.2d 413

(2002). A prisoner alleging a violation of his right of access to the courts must demonstrate that he has suffered "actual injury." Lewis, 518 U.S. at 349–50. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. at 353. The Supreme Court rejected the notion that the state must enable a prisoner to "litigate effectively once in court." Id. at 354 (quoting and disclaiming language contained in Bounds v. Smith, 430 U.S. 817, 825–26, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977)); see also Cornett v. Donovan, 51 F.3d 894, 898-900 (9th Cir.1995) (determining that prisoners' right of access to the courts is limited to the pleading stage of a civil rights action or petition for writ of habeas corpus).

Here, Plaintiff appears to be challenging the confiscation of his legal materials related to pending civil action 1:10-cv-00266-LJO-DLB. Plaintiff has failed to allege that he was prevented from filing his complaint in that action. Rather, Plaintiff is complaining about his ability to effectively litigate once in court. However, the Court notes that the parties reached a settlement agreement in civil action 1:10-cv-00266-LJO-DLB. Plaintiff therefore has failed to state a cognizable claim for denial of access to the courts. Lewis, 518 U.S. at 354. Accordingly, the Court recommends that Plaintiff's denial of access to the courts claim be dismissed.

### D. Penal Code Violation

Plaintiff seeks to impose liability against Defendants based on an alleged violation of California Penal Code § 2601. In particular, Plaintiff claims that Defendants violated his section 2601 right to inherit, own, sell or convey real or personal property, including all written and artistic material produced or created by the person during imprisonment. However, the right does not extend to possession of any particular property in prison. The Court finds that Plaintiff fails to state a claim upon which relief may be granted based on an alleged violation of Penal Code § 2601. Accordingly, it is recommended that this claim be dismissed.

### E. Declaratory Relief

In addition to damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

judicial discretion, exercised in the public interest." <u>Eccles v. Peoples Bank of Lakewood Village</u>, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." <u>United States v. Washington</u>, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

### III.     Conclusion and Order

Plaintiff's complaint states a cognizable claim of retaliation in violation of the First Amendment against Defendants Alison, Adams, Junious, Denny, Parra and Garza in their individual capacities, but does not state any other claims for relief under section 1983.

As Plaintiff was provided with the relevant legal standards and was given multiple opportunities to file an amended complaint, the Court does not recommend granting further leave to amend. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     This action proceed on Plaintiff's third amended complaint, filed on November 18, 2013, against Defendants Alison, Adams, Junious, Denny, Parra and Garza in their individual capacities for retaliation in violation of the First Amendment.

2.     Plaintiff's claims for damages against Defendants in their official capacities be DISMISSED;

3.     Plaintiff's denial of access to the courts and California Penal Code § 2601 claims be DISMISSED from this action; and

4.     Plaintiff's request for declaratory relief be DISMISSED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, the plaintiff may

file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 10, 2013**              /s/ Barbara A. McAuliffe
                                                                    UNITED STATES MAGISTRATE JUDGE