# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KATHLEEN ALISON, et al.,<br><br>　　　　Defendants. | 1:12-cv-00856-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT (ECF No. 28)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR 45-DAY EXTENSION OF TIME TO FILE RESPONSIVE PLEADING (ECF No. 30) |

　　　　Plaintiff Homer Tyrone Lewis ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 10, 2013, the Court screened Plaintiff's third amended complaint and found that it stated a claim against Defendants Alison, Adams, Junious, Denny, Parra and Garza for retaliation in violation of the First Amendment.  On December 23, 2013, the Court directed the United States Marshal to serve the third amended complaint on Defendants Alison, Adams, Junious, Denny, Parra and Garza.  (ECF No. 25.)

　　　　On March 24, 2014, Plaintiff filed the instant request for entry of default against Defendant Adams.  (ECF No. 28.)

　　　　On March 25, 2014, waivers of service were returned for Defendants Alison, Adams, Junious, Parra and Garza.  The waivers were signed on March 20, 2014.  (ECF No. 29.)

　　　　On April 1, 2014, Defendant Adams, along with Defendants Alison, Garza, Junious and Parra, requested a forty-five day extension of time to file a responsive pleading.  (ECF No. 30.)

1  The following day, on April 2, 2014, Defendant Adams filed an opposition to the motion for
2  default.  (ECF No. 31.)
3       Plaintiff moves for the Court to enter default against Defendant Adams.  Entry of default
4  is appropriate as to any party against whom a judgment for affirmative relief is sought that has
5  failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and
6  where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a).  However, in
7  this action, Defendant Adams appeared on April 1, 2014, when he requested an extension of time
8  to file a responsive pleading, and on April 2, 2014, when he opposed entry of default.  (ECF Nos.
9  30, 31.)  Defendant Adams' appearance precludes any entitlement to entry of default or default
10  judgment.  Fed. R. Civ. P. 55; <u>Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.</u>, 375
11  F.3d 922, 927-28 (9th Cir. 2004) (if party appeared, clerk's entry of default void ab initio).
12       Additionally, a party may have the entry of default set aside upon a showing of good
13  cause.  Fed. R. Civ. P. 55(c).  In determining if good cause exists to set aside the default
14  judgment, "the court must consider three factors: (1) whether the party seeking to set aside the
15  default engaged in culpable conduct that led to the default; (2) whether it had no meritorious
16  defense; or (3) whether reopening the default judgment would prejudice the other party."  <u>United
17  States v. Signed Personal Check No. 730 of Yubran S. Mesle</u>, 615 F.3d 1085, 1091 (9th Cir.
18  2010) (internal punctuation and citations omitted).  When a party is seeking relief from default
19  prior to the entry of default judgment the test is liberally applied.  Id. at 1091 n.1.
20       Here, if the Court entered default, it could easily be set aside.  <u>See</u>, e.g., <u>Knox v.
21  Woodford</u>, No. 1:07-cv-00144-AWI-DLB PC, 2010 WL 1956739, *1 (E.D.Cal. May 14, 2010).
22  Defendant Adams is represented by the Attorney General's Office.  The Attorney General's
23  Office executed a waiver of service on March 20, 2014.  Within less than two weeks, the
24  Attorney General's officer requested an extension of time to respond to the complaint and
25  opposed the entry of default on behalf of Defendant Adams.  The Court finds no evidence of
26  culpable conduct on the part of Defendant Adams.  Counsel is currently obtaining records to
27  address Plaintiff's allegations.  Thus, there is no indication that Defendant Adams lacks a
28

meritorious defense.  Finally, Plaintiff will not suffer any prejudice as discovery has yet to open in this action.

      Accordingly, IT IS HEREBY ORDERED that:

      1.     Plaintiff's motion for default, filed March 24, 2014, is DENIED;

      2.     Defendants' motion for a forty-five day extension of time to file a responsive pleading is GRANTED; and

      3.     Defendants shall file and serve a responsive pleading on or before May 1, 2014.

IT IS SO ORDERED.

    Dated:   **April 17, 2014**              /s/ *Barbara A. McAuliffe*
                                          UNITED STATES MAGISTRATE JUDGE