1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| HOMER TYRONE LEWIS, | ) | Case No.: 1:12-cv-00856-LJO-BAM (PC) |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATIONS |
| v. | ) ) | REGARDING MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND/OR |
| KATHLEEN ALISON, et al., | ) ) | PRELIMINARY INJUNCTION (ECF NO. 44) |
| Defendants. | ) ) | FOURTEEN-DAY DEADLINE |
| | ) ) ) | |

Plaintiff Homer Tyrone Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's third amended complaint against Defendants Alison, Adams, Junious, Denny, Parra and Garza in their individual capacities for retaliation in violation of the First Amendment.

On June 2, 2014, Plaintiff filed a motion seeking an emergency temporary restraining order and/or preliminary injunction.  Plaintiff requests single-cell status at California State Prison, Lancaster ("CSP-Lancaster") during the pendency of this action to protect his safety.  Plaintiff claims that a correctional officer at CSP-Lancaster read legal mail from the Court regarding this action.  The correctional officer then threatened Plaintiff, stating "I am informing you Mr. Lewis that the entire contents inside this legal envelope from the Eastern District Court was read and if you continue to pursue this case against CDCR officials inside this order you will not survive inside your cell with any

1

cellmate this prison will give to you, and if you want to live, then don't file any 602 appeal on this matter." (ECF No. 44, p. 5) (emphasis in original).  Plaintiff believes this is a death threat because of his protected conduct.  Although Defendants appearing in this action have not filed a response, the motion is deemed submitted.[1]  Local Rule 230(l).

The analysis for a temporary restraining order is substantially identical to that for a preliminary injunction, Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001), and "[a] preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Id. at 20 (citations omitted).  An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief.  Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

---

[1]      Plaintiff cannot meet his burden to establish standing and given Plaintiff's allegations of imminent harm, it is unnecessary to wait for a response.  Local Rule 230(l).  It also is in the interest of justice to notify Plaintiff as soon as possible that he cannot seek relief from his current conditions at California State Prison, Lancaster via the instant action.

1      The events at issue in this action occurred in 2011 while Plaintiff was housed at the California

2 Substance Abuse Treatment Facility ("CSATF") in Corcoran, California.  (ECF No. 21.)  Plaintiff is

3 now housed at CSP-Lancaster and the order sought is aimed at remedying his current conditions of

4 confinement at that prison.  The case or controversy requirement cannot be met because the issue

5 Plaintiff seeks to remedy in his motion bears no relation, jurisdictionally, to the past events at CSATF

6 giving rise to this suit.  Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth

7 Island Inst., 555 U.S. 488, 491-92, 129 S.Ct. 1142, 1148-49 (2009); Steel Co. v. Citizens for a Better

8 Env't, 523 U.S. 83, 102-04, 118 S.Ct. 1003 (1998).  Although Plaintiff alleges that defendants are

9 "acting in concert" with correctional officers at CSP-Lancaster, this is mere conjuncture unsupported

10 by any facts or supporting information.  Indeed, this allegation is undermined by Plaintiff's claim that

11 the threatened conduct occurred as a result of a correctional officer at CSP-Lancaster reading his legal

12 mail.  Because the case-or-controversy requirement cannot be met, the pendency of this action

13 provides no basis upon which to award Plaintiff injunctive relief.  Id.  The only relief available to

14 Plaintiff in this action, should he prevail, is money damages for the past violation of his constitutional

15 rights while housed at CSATF in 2011.

16      To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him,

17 including filing a petition for writ of habeas corpus in state court.  E.g., In re Estevez, 83 Cal.Rptr.3d

18 479, 491 (Cal. Ct. App. 2008).  The issue is not that Plaintiff's allegations lack seriousness or that

19 Plaintiff cannot obtain relief if sought in the proper forum.  Rather, the issue is that this particular

20 action cannot be used by Plaintiff to obtain the relief he seeks.  The seriousness of Plaintiff's

21 allegations concerning feared impending harm cannot and do not overcome the jurisdictional bar.

22 Steel Co., 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes

23 the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction

24 bears the burden of establishing its existence.")

25      Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's motion for emergency

26 temporary restraining order and/or preliminary injunction, filed June 2, 2014, be DENIED, with

27 prejudice, for lack of jurisdiction.

28

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 5, 2014**                          /s/ *Barbara A. McAuliffe*

                                                UNITED STATES MAGISTRATE JUDGE