# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS, | ) 1:12-cv-00856-LJO-BAM (PC) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS |
| | ) REGARDING DEFENDANTS' MOTION TO |
| v. | ) DISMISS  (ECF No. 33) |
| KATHLEEN ALISON, et al., | ) |
| Defendants. | ) THIRTY-DAY DEADLINE |
| | ) |
| | ) |
| | ) |

**Findings and Recommendations**

**I.**   **Procedural History**

Plaintiff Homer Tyrone Lewis ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 25, 2012.  This action proceeds on Plaintiff's third amended complaint against Defendants Alison, Adams, Junious, Denny, Parra and Garza for retaliation in violation of the First Amendment of the United States Constitution.[1]  28 U.S.C. § 1915A.

On April 30, 2014, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Alison, Parra and Garza filed a motion to dismiss for failure to state a claim and on the ground of qualified immunity.  Plaintiff opposed the motion on June 23, 2014.  Defendants replied on June 30, 2014.  The motion is deemed submitted.  Local Rule 230(l).

---

[1]  Plaintiff's claims for declaratory relief and for damages against defendants in their official capacities were dismissed, along with his denial of access claim and his California Penal Code § 2601 claim.

As discussed below, the Court recommends that Defendants' motion to dismiss be granted in part and denied in part and that the action against Defendants Garza and Parra be dismissed for failure to state a claim.

## II.    Defendants' Motion to Dismiss

### A.  Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted).  In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).  Further, prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

///

///

///

**B.     Discussion**

1.     Retaliation

Plaintiff is proceeding on a retaliation claim, and "[w]ithin the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

In his third amended complaint, Plaintiff alleges that on January 31, 2011, Defendant Parra removed Plaintiff from his cell and conducted a cell search.  Defendant Parra told Plaintiff that Defendants Alison and Denny were removing him to Administrative Segregation for allegations of a threat to murder a correctional officer on Facility D.  During the cell search, Defendant Parra confiscated three boxes of his civil file pertaining to his pending civil case. Plaintiff asked Defendant Parra why only his legal materials were being confiscated.  (ECF No. 21, pp. 6-7.)  On February 1, 2011, Defendant Denny interviewed Plaintiff and stated, "This Ad-Seg placement will teach you not to file lawsuits against my former boss, Derral G. Adams." (ECF No. 21, p. 7.)  On February 28, 2011, Plaintiff requested return of his legal materials. Plaintiff was dissatisfied with the response from Defendant Parra and requested supervisor review.  (ECF No. 21, p. 7.)  On March 14, 2011, Defendant Denny approached Plaintiff's cell in Ad-Seg and stated, "I was informed by Kathleen Alison that you … recently filed a staff complaint against me and the attorney general's office informed me that you sent a letter to them about the statement I made to you on February 1, 2011, about filing lawsuits against my former boss Mr. Derral Adams, and sent letter to the federal court in a motion, and now that I have your evidence and other legal materials out of your legal materials to support your lawsuit, that's the last time you'll pursue lawsuits against my colleague's [sic] at Corcoran Prison."  (ECF No. 21, p. 8.)  On June 21, 2011, Plaintiff was scheduled for transfer to Lancaster State Prison.  While

awaiting transfer, Defendant Garza came to interview Plaintiff and stated, "Mr. Lewis, I[']m here to interview you about 602 appeal on missing legal materials and to inform you that Mr. Adams, Warden and Mr. Junious, Chief Deputy Warden ordered Captain P. Denny to get your legal materials for them, and after Captain P. Denny and ISU reviewed it, the Captain confiscated (1-box) of legal materials, and then I personally consolidated the rest of your legal materials into 2-Boxes." (ECF No. 21, p. 9.) Plaintiff contends that Defendants deliberately confiscated his legal materials because of Plaintiff's lawsuits and this action did not further a legitimate penological interest. (ECF No. 21, p. 10.)

Defendants Alison, Parra and Garza argue that they are entitled to dismissal of Plaintiff's claim because the adverse actions at issue -- placement in Administrative Segregation and a search of his legal materials -- were taken because Plaintiff reportedly threatened to murder a correctional officer on Facility D.

Defendant Alison

Defendants first assert that Plaintiff has admitted Defendant Alison ordered his placement in administrative segregation due to reports that he threatened to murder a correctional officer, which therefore defeats Plaintiff's retaliation claim against Defendant Alison.

At this stage, the Court cannot weigh the evidence or assess the credibility of witnesses, and Plaintiff is entitled to have the material allegations taken as true and construed in the light most favorable to him. Watison, 668 F.3d at 1112. According to Plaintiff's allegations, Defendant Denny suggested to Plaintiff that the removal to Administrative Segregation placement, which was reportedly ordered by both Defendant Denny and Defendant Alison, was in response to Plaintiff's filing of a lawsuit. At the pleading stage, this is sufficient to support an inference that the removal to Administrative Segregation and corresponding cell search, ordered by Defendants Denny and Alison, were retaliatory rather than in furtherance of a legitimate correctional goal. Watison, 668 F.3d at 1114.

For these reasons, the Court recommends that Defendants' motion to dismiss the claim against Defendant Alison be denied.

1   <u>Defendant Parra</u>

2       Defendants argue that Defendant Parra's search of Plaintiff's cell and confiscation of

3   legal materials served the legitimate goal of protecting institutional safety and security.  On the

4   face of the complaint, there is no indication that Defendant Parra conducted the cell search and

5   confiscated documents for any other reason.  In other words, Plaintiff has failed to establish that

6   Defendant Parra took an adverse action against Plaintiff because of any protected conduct.

7   Rather, Defendant Parra was executing orders from Defendants Alison and Denny based on

8   allegations that Plaintiff threatened to murder a correctional officer and not on any knowledge of

9   Plaintiff's protected conduct.  <u>Watison</u>, 668 F.3d at 1114-15.  As such, the Court recommends

10  that Defendants' motion to dismiss Defendant Parra be granted.

11  <u>Defendant Garza</u>

12      Defendants contend that Plaintiff has failed to allege that Defendant Garza took any

13  adverse action.  The Court agrees.  Plaintiff merely alleges that Defendant Garza interviewed

14  him regarding his 602 and informed him that he consolidated certain of Plaintiff's legal materials

15  into two boxes.  There is no indication that Defendant Garza withheld documents from Plaintiff

16  or took any adverse action against him because of Plaintiff's protected conduct.  <u>Id.</u> at 1114.

17  Accordingly, the Court recommends that Defendants' motion to dismiss Defendant Garza be

18  granted.

19              2.      Qualified Immunity

20      Defendants also argue that they are entitled to qualified immunity, which shields

21  government officials from civil damages unless their conduct violates "clearly established

22  statutory or constitutional rights of which a reasonable person would have known."  <u>Harlow v.</u>

23  <u>Fitzgerald</u>, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982).  "Qualified immunity balances two

24  important interests - the need to hold public officials accountable when they exercise power

25  irresponsibly and the need to shield officials from harassment, distraction, and liability when

26  they perform their duties reasonably," <u>Pearson v. Callahan</u>, 555 U.S. 223, 231, 129 S.Ct. 808,

27

28

815 (2009), and it protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986).

In resolving a claim of qualified immunity, courts must determine whether, taken in the light most favorable to the plaintiff, the defendants' conduct violated a constitutional right, and if so, whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156 (2001); Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009). While often beneficial to address in that order, courts have discretion to address the two-step inquiry in the order they deem most suitable under the circumstances. Pearson, 555 U.S. at 236, 129 S.Ct. at 818 (overruling holding in Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only if the court first finds a constitutional violation); Mueller, 576 F.3d at 993-94.

Having already determined that Defendant Alison's conduct violated the First Amendment, the Court must determine whether the right was clearly established.[2]  "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right.'"  Hope v. Pelzer, 536 U.S. 730, 739, 122 S.Ct. 2508, 2515 (2002) (citation omitted). While the reasonableness inquiry may not be undertaken as a broad, general proposition, neither is official action entitled to protection "unless the very action in question has previously been held unlawful."  Hope, 536 U.S. at 739. "Specificity only requires that the unlawfulness be apparent under preexisting law," Clement v. Gomez, 298 F.3d 898, 906 (9th Cir. 2002) (citation omitted), and prison personnel "can still be on notice that their conduct violates established law even in novel factual circumstances," Hope, 536 U.S. at 741. The salient question is whether the state of the law in 2011 gave Defendant Alison fair warning that her alleged treatment of Plaintiff was unconstitutional. Hope, 536 U.S. at 741 (quotation marks omitted).

By 2011, the prohibition against retaliatory punishment was clearly established. Rhodes, 408 F.3d at 569; Bruce v. Ylst, 351 F.3d 1283, 1290 (9th Cir. 2003). Thus, a reasonable officer

---

[2] Based on the recommendation that the action against Defendants Garza and Parra be dismissed, it is unnecessary to consider whether or not they are entitled to qualified immunity.

would have known that he could not take adverse action against an inmate for filing a grievance or pursuing a lawsuit. <u>Rhodes</u>, 408 F.3d at 567; <u>Bruce</u>, 351 F.3d at 1288.  What the evidence will show remains to be seen, but under the circumstances as alleged at the pleading stage, which the court must deem as true, Defendant Alison is not entitled to qualified immunity.  The Court recommends that Defendants' motion to dismiss on the ground of qualified immunity be denied, with prejudice to being raised in a 12(b)(6) motion.

### III.    Recommendations

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on April 30, 2014, be DENIED IN PART and GRANTED IN PART as follows:

1. Defendants' motion to dismiss this action against Defendant Alison for failure to state a claim be denied;

2. Defendants' motion to dismiss this action against Defendants Parra and Garza for failure to state a claim be granted with prejudice; and

3. Defendants' motion to dismiss this action against Defendant Alison on the ground of qualified immunity be denied with prejudice to being raised in a 12(b)(6) motion.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 28, 2014**                    /s/ Barbara A. McAuliffe

UNITED STATES MAGISTRATE JUDGE