# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS,<br><br>        Plaintiff,<br><br>   v.<br><br>KATHLEEN ALISON, et al.,<br><br>        Defendants. | 1:12-cv-00856-LJO-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br>(ECF No. 33, 57) |

Plaintiff Homer Tyrone Lewis ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On July 29, 2014, the Magistrate Judge issued Findings and Recommendations that Defendants' motion to dismiss be denied in part and granted in part. Specifically, the Magistrate Judge recommended that Defendants' motion to dismiss the action against Defendant Allison[1] for failure to state a claim be denied, Defendants' motion to dismiss the action against Defendants Parra and Garza for failure to state a claim be granted with prejudice; and Defendants' motion to dismiss the action against Defendant Allison on the ground of qualified immunity be denied with prejudice to being raised in a 12(b)(6) motion. The Findings and Recommendations were served on the parties and contained notice that any objections must be filed within thirty days after service. On August 26, 2014, Defendants filed objections to the

---

[1] Erroneously sued as "Kathleen Alison."

1

Findings and Recommendations. (ECF No. 62.) Plaintiff filed a reply to the objections on September 10, 2014. (ECF No. 69.)

<u>Defendants' Objections</u>

Defendants object to the Magistrate Judge's findings related to Defendant Alison. First, Defendants contend that, contrary to the Magistrate Judge's findings, Plaintiff failed to state a plausible claim of retaliation against Defendant Allison.

In their motion to dismiss papers, Defendants argued that Plaintiff admitted his placement in administrative segregation by Defendant Allison was based on reports that Plaintiff threatened to murder a correctional officer. Defendants asserted that this admission defeated an essential element of Plaintiff's retaliation claim. The Magistrate Judge considered this argument, but recommended denying the motion to dismiss as to Defendant Allison because Plaintiff included allegations in his complaint suggesting that his placement in administrative segregation was retaliatory rather than in furtherance of a legitimate correctional goal. The Magistrate Judge supported this recommendation by reference to Plaintiff's allegations that Defendants Denny and Allison ordered his removal to Administrative Segregation and Defendant Denny later stated that the placement would teach Plaintiff not to file lawsuits. (ECF No. 57, pp. 3-4.)

In their objections, Defendants contend that Plaintiff's allegations state a cause of action for retaliation against Defendant Denny, but that Defendant Denny's statements regarding the reason for Plaintiff's Administrative Segregation placement cannot be imputed to Defendant Allison. Defendants also argue that there are no alleged facts to overcome the possibility that Defendant Allison's actions were motivated by a legitimate penological purpose—i.e., the need to protect a correctional officer from harm—as suggested in Plaintiff's allegations.

The Court has considered Defendants' arguments, but finds that the Magistrate Judge properly drew a reasonable inference in favor of the non-moving party. <u>Daniels-Hall v. National Educ. Ass'n</u>, 629 F.3d 992, 998 (9th Cir. 2010). According to Plaintiff's allegations, Defendant Denny suggested that Plaintiff's removal to Administrative Segregation was in response to Plaintiff's filing of a lawsuit. As both Defendant Denny and Defendant Allison ordered the removal to Administrative Segregation and the corresponding search of Plaintiff's cell, the

Magistrate Judge correctly inferred that these actions were allegedly retaliatory in nature, rather than in furtherance of a legitimate correctional goal, based on Defendant Denny's statement. (ECF No. 57, p. 4.)

Second, and finally, Defendants argue that Defendant Allison is entitled to qualified immunity because she acted in further of a legitimate penological purpose and should not have believed that her actions were unlawful.  However, as discussed above, Plaintiff has adequately alleged that Defendant Allison's actions were motivated by a retaliatory purpose, not a legitimate penological purpose.  As such, the Magistrate Judge properly determined that Defendant Allison was not entitled to qualified immunity at this stage of the proceedings.  (ECF No. 57, pp. 6-7.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Defendants' objections, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, issued on July 29, 2014, are adopted in full;
2. Defendants' motion to dismiss, filed on April 30, 2014, is DENIED IN PART and GRANTED IN PART as follows:
   a. Defendants' motion to dismiss this action against Defendant Allison for failure to state a claim is DENIED;
   b. Defendants' motion to dismiss this action against Defendants Parra and Garza for failure to state a claim is GRANTED with prejudice; and
   c. Defendants' motion to dismiss this action against Defendant Allison on the ground of qualified immunity is DENIED with prejudice to being raised in a 12(b)(6) motion.

IT IS SO ORDERED.

Dated:   **November 6, 2014**                    /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE

   d.