1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10    HOMER TYRONE LEWIS,                        Case No. 1:12-cv-00856-LJO-BAM (PC)

11                   Plaintiff,                  FINDINGS AND RECOMMENDATIONS
                                                 REGARDING DEFENDANTS' MOTION
12             v.                                FOR SUMMARY JUDGMENT FOR
                                                 FAILURE TO EXHAUST
13    KATHLEEN ALISON, et al.,                   ADMINISTRATIVE REMEDIES
                                                 (ECF No. 58)
14                   Defendants.
      _____/      THIRTY-DAY DEADLINE

15

16
         **I.      Procedural Background**
17
             Plaintiff Homer Tyrone Lewis ("Plaintiff"), a state prisoner proceeding pro se and in forma
18
      pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 25, 2012.  This action
19
      currently proceeds on Plaintiff's third amended complaint against Defendants Allison,[1] Adams,
20
      Junious, and Denny.  Defendants Garza and Parra have been dismissed from this action.  (ECF
21
      No. 79.)
22
             On August 15, 2014, Defendants Allison, Adams, and Junious, (along with former
23
      defendants Garza and Parra) filed a motion for summary judgment for failure to exhaust
24
      administrative remedies.[2]  (ECF No. 58.)  Plaintiff filed his opposition on September 5, 2014.
25
      (ECF Nos. 63, 64.)  Defendants replied on September 15, 2014.  (ECF No. 70.)  The motion is
26

27    _____
      [1] Defendant Kathleen Allison was sued erroneously as "Kathleen Alison."
      [2] Concurrent with the motion, Plaintiff was provided with notice of the requirements for opposing a motion for
28    summary judgment.  ECF No. 58-3; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d
      952, 957 (9th Cir. 1988*); Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

1    deemed submitted.  Local Rule 230(l).

2              **II.      Defendant's Motion for Summary Judgment**

3                    **A.  Legal Standard for Summary Judgment**

4         Pursuant to Federal Rule of Civil Procedure 56(a) summary judgment is appropriate when

5    the movant shows that there is no genuine dispute as to any material fact and the movant is

6    entitled to judgment as a matter of law.  Summary judgment must be entered, "after adequate time

7    for discovery and upon motion, against a party who fails to make a showing sufficient to establish

8    the existence of an element essential to that party's case, and on which that party will bear the

9    burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  However, the court

10   is to liberally construe the filings and motions of pro se litigants.  *Thomas v. Ponder*, 611 F.3d

11   1144, 1150 (9th Cir. 2010).  The "party seeking summary judgment always bears the initial

12   responsibility of informing the district court of the basis for its motion, and identifying those

13   portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together

14   with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material

15   fact."  *Celotex*, 477 U.S. at 323 (internal quotations and citations omitted).

16        If the moving party meets its initial responsibility, the burden then shifts to the opposing

17   party to establish that a genuine issue as to any material fact actually does exist.  *Matsushita Elec.*

18   *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  In attempting to establish the

19   existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings,

20   but is required to tender evidence of specific facts in the form of affidavits, and/or admissible

21   discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(c);

22   Matsushita, 475 U.S. at 586 n.11.

23        In arriving at this order, the Court carefully reviewed and considered all arguments, points

24   and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any,

25   objections, and other papers filed by the parties.  Omission of reference to an argument, document,

26   paper, or objection is not to be construed to the effect that this Court did not consider the

27   argument, document, paper, or objection.  This Court thoroughly reviewed and considered the

28   evidence it deemed admissible, material, and appropriate.

**B.  Summary of Relevant Third Amended Complaint Allegations**

In his third amended complaint, Plaintiff alleges that on January 31, 2011, Officer Parra removed Plaintiff from his cell and conducted a cell search. Officer Parra told Plaintiff that Defendants Alison and Denny were removing him to Administrative Segregation for allegations of a threat to murder a correctional officer on Facility D. During the cell search, Officer Parra confiscated three boxes of his civil file pertaining to his pending civil case. Plaintiff asked Officer Parra why only his legal materials were being confiscated. (ECF No. 21, pp. 6-7.)

On February 1, 2011, Defendant Denny interviewed Plaintiff and stated, "This Ad-Seg placement will teach you not to file lawsuits against my former boss, Derral G. Adams." (ECF No. 21, p. 7.)

On February 28, 2011, Plaintiff requested return of his legal materials. Plaintiff was dissatisfied with the response from Defendant Parra and requested supervisor review. (ECF No. 21, p. 7.)

On March 14, 2011, Defendant Denny approached Plaintiff's cell in Ad-Seg and stated, "I was informed by Kathleen Alison that you . . . recently filed a staff complaint against me and the attorney general's office informed me that you sent a letter to them about the statement I made to you on February 1, 2011, about filing lawsuits against my former boss Mr. Derral Adams, and sent letter to the federal court in a motion, and now that I have your evidence and other legal materials out of your legal materials to support your lawsuit, that's the last time you'll pursue lawsuits against my colleague's [sic] at Corcoran Prison." (ECF No. 21, p. 8.)

On June 21, 2011, Plaintiff was scheduled for transfer to Lancaster State Prison. While awaiting transfer, Officer Garza came to interview Plaintiff and stated, "Mr. Lewis, I[']m here to interview you about 602 appeal on missing legal materials and to inform you that Mr. Adams, Warden and Mr. Junious, Chief Deputy Warden ordered Captain P. Denny to get your legal materials for them, and after Captain P. Denny and ISU reviewed it, the Captain confiscated (1-box) of legal materials, and then I personally consolidated the rest of your legal materials into 2-Boxes." (ECF No. 21, p. 9.) Plaintiff contends that Defendants deliberately confiscated his legal materials because of Plaintiff's lawsuits and this action did not further a legitimate penological

1    interest. (ECF No. 21, p. 10.)

2                    **C. Summary of Defendants' Relevant Facts[3]**

3        1.       Plaintiff is an inmate in the custody of the California Department of Corrections

4    and Rehabilitation ("CDCR").

5        2.       Plaintiff alleges that on January 31, 2011, he was removed from Facility D at

6    California Substance Abuse Treatment Facility ("SATF") to an administrative segregation unit in

7    retaliation for pursuing litigation in a previous federal civil rights action, case number 1:10-cv-

8    00266.

9        3.       Defendants Adams and Junious are named as defendants in case number 1:10-cv-

10   00266.

11       4.       On April 4, 2011, Plaintiff authored an administrative appeal, log number SATF-Z-

12   11-00972, concerning his administrative segregation placement and legal materials.  (Corral Dec.

13   ¶ 8, Attachment B.)  Plaintiff claimed that he was being held in administrative segregation by

14   Defendant Denny in retaliation for litigation in case number 1:10-cv-00266 and that Defendant

15   Denny stole his legal materials.  (Id.)

16       5.       Appeal log number SATF-Z-11-00972 makes no claim of any adverse actions by

17   Defendants Adams, Allison or Junious.  (Corral Dec. ¶¶ 8, 8(b), Att. B; Briggs Dec. ¶ 10, Att. B.)

18       6.       Appeal log number SATF-Z-11-00972 was answered at the third level of review on

19   December 20, 2011.  (Briggs Dec. ¶ 10, Att. C.)

20       7.       On May 27, 2011, Plaintiff authored administrative appeal, log number SATF-Z-

21   11-01492, concerning his legal materials.  (Corral Dec. ¶ 9, Att. E.)  Plaintiff claimed that

22   Defendant Denny and Officer Parra stole a box of his legal materials in a conspiracy with the

23   defendants in case number 1:10-cv-00266 in retaliation for Plaintiff's litigation in that matter.

24   (Corral Dec. ¶ 9, Att. E at 2.)

25       8.       After receiving a first-level response, Plaintiff did not submit appeal log number

26   SATF-Z-11-01492 for a second-level review.  (Corral Dec. ¶ 9(b), Att. A.)

27       9.       Appeal log number SATF-Z-11-01492 was rejected at the third-level review for

28   [3] ECF No. 58-2.

4

1  failure to first submit for a second-level review.  (Briggs ¶ 11, Att. A. at 3.)

2        10.    Appeal log number SATF-Z-11-01492 was not corrected and resubmitted for a

3  third-level review.  (Briggs Dec. ¶ 11, Att. A.)

4        **D.**      **Statement of Plaintiff's Relevant Facts[4]**

5        1.    Plaintiff asserts that on January 31, 2011, he was removed from SATF Facility "D"

6  on a "BOGUS" allegation of ["THREAT TO MURDER A CORRECTIONAL OFFICER"]  to

7  administrative segregation unit in [RETALIATION] for pursuing litigation in a previous federal

8  civil rights action, case# 1:12 CV-00266 LJO in the U.S. Eastern District Court, Fresno Division.

9        2.    Defendants Adams and Junious were named as Defendants in case number: 1:10

10  CV-00266 LJO DLB.

11        3.    On April 4, 2011, Plaintiff initiated an administrative appeal, log# SATF-Z-11-

12  00972, concerning his administrative segregation placement and legal materials.  Plaintiff asserts

13  that he was being held in ad-seg by Defendants Denny and Alison in retaliation for litigation in

14  case number # 1:10 CV-00266, and that Defendant Denny "stole" Plaintiff's legal materials.

15        4.    In appeal log number SATF-Z-11-00972, Plaintiff asserted that Defendant Denny

16  was responsible for personal property arising from his legal materials, and other personal property.

17        5.    Appeal log number # SATF-Z-11-00972, does make a claim of adverse actions by

18  Defendants Adams, Alison, Denny due to statement made to Plaintiff by Defendant Denny as

19  outlined in that 602 appeal.

20        6.    Appeal log number # SATF-Z-11-00972 was answered at the Third Level of

21  Review December 20, 2011, and mentioned in its decision [RETALIATION] and [LEGAL

22  MATERIALS] and therefore "EXHAUSTED" all available administrative remedies.

23        7.    On May 27, 2011, Plaintiff did submit an administrative appeal, log number SATF-

24  11-01492, concerning the confiscation of Plaintiff's legal materials for the second time by

25  Defendant Denny.  Plaintiff asserts that Defendants Denny and Officer Parra stole a box of [Legal

26  Materials] in a conspiracy with the Defendants in case number 1:10 CV-00266 LJO DLB, in

27  retaliation for Plaintiff's litigation in that matter.

28        [4] ECF No. 64.

1    8.    After receiving a First-Level response, Plaintiff did not submit appeal log number

2    SATF-Z-11-01492.

3    9.    Plaintiff submitted appeal# <u>SATF-Z-01492</u> to the third-level review seeking help

4    due to Appeals Coordinator at (CSATF) failing to process 602 appeal and third-level of review

5    'rejected' it assuming that Plaintiff bypassed second-level of review, but Plaintiff was being

6    prevented from pursuing the appeal to the second-level, which excused Plaintiff's exhaustion

7    attempts.

8    **D.  Exhaustion of Administrative Remedies**

9    Defendants Adams, Allison, and Junious argue that Plaintiff failed to exhaust his

10   administrative remedies with respect to the retaliation claim against them.

11   Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action

12   shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal

13   law, by a prisoner confined in any jail, prison, or other correctional facility until such

14   administrative remedies as are available are exhausted."   42 U.S.C. § 1997e.   Exhaustion is

15   required regardless of the relief sought by the prisoner and regardless of the relief offered by the

16   process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to

17   all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

18   The California Department of Corrections and Rehabilitation (CDCR) has an

19   administrative grievance system for prisoner complaints.   Cal. Code Regs., tit. 15 § 3084.1.   The

20   process is initiated by submitting a CDCR Form 602 describing the issue and the relief requested.

21   <u>Id.</u> at § 3084.2(a).   Three levels of review are involved—a first level review, a second level review

22   and a third level review, also known as the "Director's Level."   <u>Id.</u> at § 3084.7.   Bypassing a level

23   of review may result in rejection of the appeal. <u>Id.</u> at § 3084.6(b)(15). Under § 1997e, a prisoner

24   has exhausted his administrative remedies when he receives a decision at the Director's level. *See*

25   *Barry v. Ratelle*, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

26   CDCR provides rules that inmates must comply with when submitting appeals, such as

27   using the standardized CDCR Form 602, attaching needed supporting documentation and

28   submitting the appeal within thirty days of the disputed event.   Cal. Code Regs., tit. 15 §§ 3084.2,

1  3084.3(a), 3084.8(b).   Appeals are screened for compliance with the rules, and they may be

2  rejected or cancelled at any level of review for lack of compliance.   Id. at § 3084.6(a), (a)(5).

3  When an appeal is rejected, instructions are provided for correction and resubmission.   Id. at §

4  3084.6(a)(1)-(2).  When an appeal is cancelled, the cancellation may be separately appealed.  Id. at

5  § 3084.6(e).

6            **1.  Defendants' Position**

7            Defendants contend that Plaintiff's April 4, 2011 appeal and his May 27, 2011 appeal did

8  not exhaust Plaintiff's retaliation claim against Defendants Adams, Allison or Junious. Defendants

9  also assert that no other administrative appeals were accepted from Plaintiff regarding his

10  retaliation claim.

11            **a.  April 4, 2011 Appeal**

12            Defendants admit that Plaintiff's administrative appeal dated April 4, 2011, was accepted,

13  assigned log number SATF-Z-11-00972, and answered at the third level of review.  (ECF No. 58-

14  1, pp. 8-10.)  However, Defendants argue that the appeal only alleged retaliation by Defendant

15  Denny against Plaintiff for his litigation activities by ordering his retention in administrative

16  segregation and taking his legal materials.  (Corral Dec. ¶ 8, Att. B.)  Defendants assert that this

17  appeal does not allege any such retaliatory actions by Defendants Adams and Allison and does not

18  even mention Defendant Junious.  (Att. B to Briggs Dec.)  Defendants therefore conclude that this

19  appeal fails to exhaust Plaintiff's administrative remedies regarding his claim that Defendants

20  Adams, Allison and Junious retaliated against Plaintiff by placing him in administrative

21  segregation and taking his legal materials.

22            With regard to Defendant Adams, Defendants admit that the appeal mentions Defendant

23  Adams through a statement attributed to Defendant Denny; to wit, " . . . attorney general office

24  said that you sent a letter to them about the statement I made to you on Feb. 1, 2011 about filing

25  lawsuit against my former boss Mr. Adams. . . ."  (Att. B to Briggs Dec.)  Defendants assert that

26  the appeal does not allege that Defendant Adams ordered Plaintiff placed in administrative

27  segregation or took Plaintiff's legal materials.

28            With regard to Defendant Allison, Defendants also admit that the appeal mentions

7

1   Defendant Allison through a statement attributed to Defendant Denny:  "I was informed by

2   Warden, Kathleen Allison that you Mr. Lewis recently filed a staff complaint against me . . . ."

3   (Att. B to Briggs Dec.)  Defendants assert that the appeal does not allege any retaliation or other

4   wrongdoing by Defendant Allison.

5       With regard to Defendant Junious, Defendants assert that the appeal makes no mention of

6   Defendant Junious.  (Att. B to Briggs Dec.)

7                **b.  May 27, 2011 Appeal**

8       Defendants contend that Plaintiff's administrative appeal, SATF-Z-11-01492, dated May

9   27, 2011, which concerned legal materials allegedly stolen in retaliation for Plaintiff's litigation in

10  case number 1:10-cv-00266, was not exhausted to the third level.  Although the appeal was

11  answered at the first level of review on June 10, 2011, Defendants assert that Plaintiff failed to

12  submit this appeal for a second-level review.  (Corral Dec. ¶ 9(b), Att. A.)  Plaintiff submitted the

13  appeal for a third-level review, but it was rejected because Plaintiff had bypassed a level of

14  review.  Defendants contend that Plaintiff did not correct and resubmit his appeal.  (Briggs Dec. ¶¶

15  6-11, Att. A.)  Defendants therefore conclude that this appeal was not exhausted.

16               **c.  Other Appeals**

17      Defendants contend that aside from the above appeals, no other administrative appeals

18  were accepted from Plaintiff concerning his administrative segregation at SATF or his legal

19  materials.  (Corral Dec. ¶¶ 5-9(b), Att. A; Briggs Dec. ¶¶ 6-11, Att. A.)

20          **2.  Plaintiff's Position**

21      Plaintiff first argues that Defendants have admitted Plaintiff exhausted his administrative

22  remedies in the answer to his complaint filed on May 14, 2014.  (ECF No. 63, p. 4.)  Second,

23  Plaintiff argues, pursuant to Federal Rule of Civil Procedure 56(f), that the Court should defer

24  ruling on the motion for summary judgment pending Plaintiff's receipt of discovery documents

25  and resolution of his motion to compel filed on August 13, 2014, which seeks the production of

26  personnel records.  (ECF No. 63, pp. 6-7.)  Third, and finally, Plaintiff argues that he was

27  prevented from fully exhausting his May 27, 2011 appeal because prison officials failed to

28  properly respond to his grievance.  (ECF No. 63, pp. 8-12.)  Plaintiff reports that fourteen days

1  after submitting his appeal, he was transferred to Lancaster State Prison on June 10, 2011.

2  Plaintiff attempted to submit his appeal, SATF-Z-11-01492, at the second level on August 9,

3  2011, following his receipt of the first level response at Lancaster State Prison on the same date.

4  Plaintiff submitted the appeal through an Inmate/Parolee Request for Interview, Item or Service

5  directed to R. Gomez, the Appeals Coordinator at SATF.  R. Gomez responded, "This matter is

6  not appealable and not required to further appeal this issue due to appeal you have filed regarding

7  your legal property log number SATF-11-00972."  (ECF No. 63, Ex. J.)  Plaintiff contends that he

8  was not required to further appeal the matter because it was screened out as not appealable.

9                              **3.  Defendants' Reply**

10        Defendants reply that Plaintiff's purported need to conduct discovery does not warrant

11  denial of summary judgment.  Defendants contend that discovery has been ongoing since May 1,

12  2014, and that Plaintiff has not identified any pending discovery concerning administrative

13  exhaustion that would prevent the Court from ruling on the motion for summary judgment.

14        Defendants next contend that Plaintiff has not established a genuine issue of material fact

15  regarding his failure to include a retaliation claim against Defendants Adams, Allison and Junious

16  in his April 4, 1011 administrative appeal.  Defendants assert that Plaintiff has not addressed any

17  of their arguments that his April 4, 2011 appeal makes no claim of retaliation against Defendants

18  Adams, Allison or Junious.

19        Defendants further contend that Plaintiff has not established a genuine issue of material

20  fact regarding his failure to fully exhaust his May 27, 2011 appeal.  Defendants argue that the

21  decision refusing to process Plaintiff's appeal at the second level by SATF Appeals Coordinator

22  R. Gomez did not exhaust Plaintiff's administrative remedies.  Defendants aver that a cancellation

23  decision does not terminate the administrative process because a cancelled appeal may be later

24  accepted if a determination is made that the appeal was cancelled in error, and a cancellation

25  decision may be challenged through a separate appeal.  Cal. Code Regs., tit. 15, § 3084.6(e).

26  Defendants therefore argue that an avenue for administrative relief remained available to Plaintiff,

27  but he failed to challenge the cancellation decision.

28        As a final matter, Defendants argue that Plaintiff does not establish a genuine issue of

1   material fact regarding his failure to include a retaliation claim against Defendants Adams, Allison

2   or Junious in his May 27, 2011 administrative appeal.  Defendants assert that the May 27, 2011

3   appeal makes no mention of Defendants Allison or Adams.

4             **4.  <u>Findings</u>**

5        The Court finds that Defendants Adams, Allison and Junious have shown that Plaintiff'

6   failed to exhaust his administrative remedies regarding his claim of retaliation against them.

7   Defendants have carried their burden to show that the appeal dated April 4, 2011 (SATF-2-11-

8   00972) relates solely to allegations of retaliation by Defendant Denny and it does not exhaust

9   administrative remedies regarding the claims against Defendants Adams, Allison and Junious.

10   Defendants also have carried their burden to show that the appeal dated May 27, 2011 (SATF Z-

11   11-01492) was not fully exhausted to the third-level of review.  There are no other appeals related

12   to the claims at issue in this action.  The burden therefore shifts to Plaintiff to submit admissible

13   evidence demonstrating the existence of a material factual dispute precluding summary judgment

14   on exhaustion grounds.

15        Plaintiff has not met his burden.  As an initial matter, Plaintiff has not raised any dispute in

16   his opposition that the April 4, 2011 appeal (SATF-Z-11-00972) failed to exhaust his

17   administrative remedies against Defendants Adams, Allison and Junious.   Plaintiff's first

18   argument is that Defendants have admitted Plaintiff exhausted his administrative remedies in their

19   answer.  Plaintiff is incorrect.  The answer at issue, filed on May 14, 2014, was submitted by

20   Defendant Denny, not Defendants Adams, Allison or Junious.  (ECF No. 42.)  There is no dispute

21   by the parties that Plaintiff exhausted his administrative remedies regarding his retaliation claim

22   against Defendant Denny.

23        Plaintiff's second argument pursuant to Rule 56 that the Court should defer ruling on the

24   motion for summary judgment pending Plaintiff's receipt of discovery documents and resolution

25   of his motion to compel is unavailing.  Rule 56 provides:

26           If a nonmovant shows by affidavit or declaration that, for specified reasons, it
              cannot present facts essential to justify its opposition, the court may: (1) defer

27           considering the motion or deny it; (2) allow time to obtain affidavits or
              declarations or to take discovery; or (3) issue any other appropriate order.

28

1   Fed. R. Civ. P. 56(d).  Plaintiff bears the burden of specifically identifying relevant information,

2   where there is some basis for believing that the information actually exists, and demonstrating that

3   the evidence sought actually exists and that it would prevent summary judgment.  *Blough v.*

4   *Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation

5   omitted); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

6   Additionally, Plaintiff must make some showing of diligence, that he sought the requested

7   information during the discovery period, or that there is good reason he has not been able to obtain

8   the information before now. *See Landmark Dev. Corp. v. Chambers Corp.*, 752 F.2d 369, 372 (9th

9   Cir. 1985).

10        Here, Plaintiff has not identified any relevant information currently unavailable to him that

11   would prevent summary judgment on exhaustion grounds.  Plaintiff merely asserts that he is "still

12   awaiting discovery documentation[] from the Defendants, plus plaintiff just recently filed a

13   Motion to Compel dated 8/31/14 requesting this Court to ["ORDER"] defendants to produce

14   [PERSONNEL RECORDS] regarding "Retaliation."  (ECF No. 63, p. 6.)  Plaintiff has not

15   detailed any discovery or evidence needed through discovery to prevent summary judgment for

16   failure to exhaust administrative remedies.  As admitted by Plaintiff, the pending motion to

17   compel relates to personnel records.  Personnel records are not relevant to the issue of exhaustion

18   currently pending before the Court.  Further, the Court properly should consider exhaustion of

19   administrative remedies before reaching the merits of a prisoner's claim and may do so before

20   completion of discovery on the merits.  *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014)

21   ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim.  If

22   discovery is appropriate, the district court may in its discretion limit discovery to evidence

23   concerning exhaustion, leaving unit later—if it becomes necessary—discovery directed to the

24   merits of the suit.")

25        Plaintiff's third and final argument is that he was prevented from fully exhausting his May

26   27, 2011 appeal.  The failure to exhaust may be excused where the administrative remedies are

27   rendered "unavailable," with the plaintiff bearing the burden of demonstrating that the grievance

28   process was unavailable to him through no fault of his own. *Sapp v. Kimbrell*, 623 F.3d 813, 822-

11

23 (9th Cir. 2010); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (prisoner's failure to exhaust excused where he took reasonable and appropriate steps to exhaust and was precluded, not through his own fault but by the Warden's mistake); *Brown v. Valoff*, 422 F.3d 926, 939-40 (9th Cir. 2005).

Plaintiff admits that he did not complete the administrative procedure, but argues that he was not required to further appeal the matter after it was cancelled by R. Gomez. However, according to prison regulations, "a cancellation or rejection decision does not exhaust administrative remedies." Cal. Code Regs. tit. 15 § 3084.1.

Plaintiff cites *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009), and *Miller v. Tanner*, 196 F.3d 1190 (11th Cir. 1999), to argue that he was not required to further appeal the matter after the cancellation. In *Marella*, the prison administrator rejected the inmate's appeal because it was not timely filed and the administrator informed the inmate that the screening action could not be appealed unless the inmate could allege that the reason was inaccurate. The Ninth Circuit found that the district court erred in dismissing the complaint for failure to exhaust administrative remedies because the prisoner had been informed that he was not permitted to appeal the decision. *Marella*, 568 F.3d at 1027. Unlike the prisoner in *Marella*, Plaintiff was not informed by the appeals coordinator that he could not appeal the cancellation decision. Rather, the appeals coordinator informed Plaintiff that he was "not required to further appeal *this issue* due to appeal you have filed regarding your legal property log number SATF-11-00972." (ECF No. 63, Pl's Ex. J) (emphasis added). The appeals coordinator's instruction did not inform Plaintiff that he was not permitted to appeal the cancellation decision, only that he was not required to further appeal his legal property issue.

Similarly, in *Miller*, which is not a decision from this Circuit, the inmate was informed that he was not permitted to appeal. In *Miller*, the inmate received a denial of his grievance at the institutional level, which expressly informed the inmate that he did not have the right to appeal. The court therefore found both that the inmate was not required to file an appeal after being "told unequivocally that appeal . . . was precluded" and that the inmate had exhausted his administrative remedies. *Miller*, 196 F.3d at 1194. Here, Plaintiff was not told that an appeal of the cancellation

was prohibited.   The undisputed evidence reflects that Plaintiff did not appeal from the cancellation as provided by prison regulations.

In any event, Lewis's May 27, 2011 appeal does not exhaust a retaliation claim against Defendants Allison, Adams, or Junious. That appeal makes no mention of Allison, Adams, or Junious.

Based on these reasons, the Court finds that Plaintiff has not exhausted his administrative remedies with regard to his retaliation claim against Defendants Adams, Allison and Junious.

**V.       Conclusion and Recommendation**

For the reasons stated, IT IS HEREBY RECOMMENDED as follows:

1.  Defendants' motion for summary judgment for failure to exhaust administrative remedies, filed on August 15, 2014, be GRANTED;

2.  Plaintiff's retaliation claim against Defendants Adams, Allison and Junious be DISMISSED without prejudice based on a failure to exhaust administrative remedies;

3.  Defendants Adams, Allison and Junious be DISMISSED from this action without prejudice; and

4.  This action proceed on Plaintiff's claim against Defendant Denny for retaliation in violation of the First Amendment.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C.§ 636(b)(l).  Within **thirty (30) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may "waive their right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 8, 2014**                    /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28