UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALISON, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-00856-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br>(ECF No. 61) |

### I.   Background

Plaintiff Homer Tyrone Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Following summary judgment for failure to exhaust administrative remedies, this action currently proceeds on Plaintiff's third amended complaint against Defendant Denny for retaliation in violation of the First Amendment of the United States Constitution. (ECF No. 93.)

On August 18, 2014, Plaintiff filed a motion to compel the production of documents from Defendants Adams, Allison, Denny and Junious pursuant to Federal Rule of Civil Procedure 37. (ECF No. 61.) Defendants opposed the motion on September 9, 2014. (ECF No. 67.) Plaintiff replied on September 19, 2014. (ECF No. 73.) The motion is deemed submitted. Local Rule 230(l).

///

1

**II.     Motion to Compel**

   **A.     Request for Production of Documents**

"A party may serve on any other party a request within the scope of Rule 26(b): (1) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: (A) any designated documents or electronically stored information . . . ." Fed. R. Civ. P. 34(a)(1)(A).

In responding to requests for production, a party must produce documents or other tangible things which are in his or her "possession, custody, or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal.1995); *see also Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.") (citation omitted).

   **B.     Discussion**

Plaintiff seeks to compel responses to request for production of documents (POD) 24, which was served on Defendants Adams, Junious and Denny. To the extent Plaintiff seeks the production of documents from or concerning former defendants Adams, Allison and Junious, his motion to compel shall be denied. These defendants are no longer parties to this action. The Court therefore limits its analysis to documents relevant to the retaliation claim against Defendant Denny.

**POD 24**: "Any and all, prior and present grievances, staff complaints, civil litigations state or federal by CDCR inmates, or other documents reletive [sic] to official misconduct pertaining only to particular kinds of complaints and/or allegations in the Personnel Files of Defendants Adams, Junious and Denny, including but not limited to, Investigative reports by the Federal Bureau of Investigations

2

1  (F.B.I.), (CDCR) or outside Law Enforcement Agencies of Office of Internal Affairs (O.I.A.),
2  Investigative Services Unit (I.S.U.) concerning [RETALIATION] against CDCR inmates and/or
3  CDCR employees from the time you were employed by the California Department of Corrections and
4  Rehabilitation ('CDCR') to the present, according to Federal Rules of Civil Procedure[] Rule 26(b)(1),
5  and Rule 404(b), Federal Rules of Evidence, produce copies of all documents."

**Response**: "Objection, this request is vague, ambiguous, and confusing with respect to 'official misconduct pertaining only to particular kinds of complaints and/or allegations,' and appears to present a compound request for several different types of documents. To the extent this request seeks any and all complaints submitted by CDCR inmates in any forum alleging any misconduct, or specifically retaliation, by Defendants Adams, Junious, and Denny, it is overbroad, unduly burdensome with regard to time and scope, and is not reasonably calculated to lead to the discovery of admissible evidence. Responding to this request would require a search of every venue wherein an inmate might complain about a prison official, throughout Defendants' entire careers with CDCR, to screen for any mention of Defendants Adams, Junious, or Denny. The massive effort required to do so is not likely to yield any relevant evidence, because the request is not tailored to addressing Lewis's claim that Defendants retaliated against him in connection with his January 31, 2011 placement in administrative segregation. Additionally, any complaints submitted by other inmates responsive to this request would be protected by the official information privilege. Other than the present matter, Defendants are not aware of any inmate grievances or complaints against them alleging retaliation, and are not aware of any investigations into claims of retaliation against them. Defendants do not have care, custody, or control over any investigative reports prepared by the FBI. Without waiving these objections, Defendants respond as follows:

Defendants produce as Attachment A a copy of CDCR Form 602, Inmate/Parolee Appeal, log number SATF-Z-11-0092 authored by Lewis on April 4, 2011, concerning his administrative segregation placement and legal materials; as Attachment B a copy of the first-level response to appeal log number SATF-Z-11-0092; as Attachment C a copy of the second-level response to appeal log number SATF-Z-0092; as Attachment D a copy of the third-level response to appeal log number

3

SATF-Z-11-0092; as Attachment E a copy of CDCR Form 602, Inmate/Parolee Appeal, log number SATF-Z-11-01492 authored by Lewis on May 27, 2011, concerning his administrative segregation placement and legal materials; as Attachment F a copy of the first-level response to appeal log number SATF-Z-01492; as Attachment G SATF Inmate/Parolee Appeals Tracking System printout for Lewis; and as Attachment H a copy of Office of Appeal Inmate/Parolee Appeals Tracking System printout for Lewis.

**Ruling**: Plaintiff's motion to compel is denied.  Plaintiff contends that Defendant Denny's objections are not justified or meritorious because the discovery appears reasonably calculated to lead to the discovery of admissible evidence and the requested documents are relevant.  Fed. R. Civ. P. 26(b)(1).  Plaintiff's argument overlooks Defendant Denny's objections that, amongst other things, the request is vague, confusing, compound, overbroad and unduly burdensome.  The Court finds that these objections are both justified and meritorious.  Plaintiff's request is confusing, compound, overbroad as to time and scope and is unduly burdensome by requiring Defendant Denny to seek documents from a variety of sources, not simply the types of documents contained in his personnel file, for the entirety of his career with CDCR.  Further, Plaintiff fails to demonstrate how complaints from other inmates regarding Defendant Denny are reasonably calculated to lead to the discovery of admissible evidence or are relevant to any claim or defense related to Defendant Denny's alleged retaliation against Plaintiff in 2011.

Plaintiff also complains that Defendant Denny is asserting "Official Information Privilege," "Informant Identity Privilege," and "Law Enforcement Privilege" concerning the requested documents from Defendant Denny's personnel file.  Plaintiff's complaint is inaccurate.  Defendant Denny only asserts the official information privilege in connection with Plaintiff's apparent request for grievances filed by other prisoners.  Regardless, the request for grievances and complaints made by other inmates is overbroad as to time and unduly burdensome.  As noted above, Plaintiff also fails to demonstrate how complaints from other inmates regarding Defendant Denny are reasonably calculated to lead to the discovery of admissible evidence or are relevant to any claim or defense in this action.  Further,

Defendant Denny represents that he is unaware of any inmate grievances or complaints against him alleging retaliation.

Plaintiff also asserts in his reply that Defendant Denny can produce documents in his "care, custody or control of outside Law Enforcement Agencies of Investigative Reports." (ECF No. 73, p. 3.) However, Defendant Denny represents that he is unaware of any investigations into claims of retaliation against him. Moreover, there is no indication that Defendant Denny has the legal right to obtain investigative documents from an outside agency and Defendant Denny cannot be compelled to produce documents in the care, custody and control of outside law enforcement agencies. Fed. R. Civ. P. 34(a)(1).

### III. Conclusion and Order

For the reasons stated, Plaintiff's motion to compel production of documents, filed on August 18, 2014, is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **January 21, 2015**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE

5