# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHLEEN ALISON, et al.,<br><br>  Defendants. | 1:12-cv-00856-LJO-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR DEPOSITION OF DEFENDANT P. DENNY AND FORMER DEFENDANT R. GARZA<br><br>(ECF No. 95) |

Plaintiff Homer Tyrone Lewis ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Denny for retaliation in violation of the First Amendment to the United States Constitution. The discovery deadline in this matter is April 1, 2015. (ECF No. 90.)

On February 19, 2015, Plaintiff filed a motion requesting to depose Defendant Denny and former-Defendant Garza during Plaintiff's own deposition on March 12, 2015. (ECF No. 95.) A response is unnecessary and the motion is deemed submitted. Local Rule 230(l).

To the extent Plaintiff seeks to depose Defendant Denny and former-Defendant Garza via oral questions, there are certain procedures for a party to depose a witness in this manner and for compelling a non-party witness to attend by subpoena. Fed. R. Civ. P. 30; Fed. R. Civ. P. 45. Further, unless the parties stipulate otherwise, "a deposition must be conducted before an officer appointed or designated under Rule 28." Fed. R. Civ. P. 30(b)(5)(A).

To the extent Plaintiff seeks to depose Defendant Denny and former-Defendant Garza via written questions, such a deposition must be conducted in compliance with Rule 31 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 31. Among other things, the rule requires a party noticing the deposition to deliver a copy of all questions to an "officer" appointed or designated under Rule 28. The officer must then take the deponent's testimony in response and prepare the deposition transcript. Fed. R. Civ. P. 31(b).

Although Plaintiff proposes to conduct the depositions before a Certified Court Reporter, there is no indication that Plaintiff can bear the costs for such depositions, including compensation of the court reporter, witness fees and mileage. Plaintiff's in forma pauperis status does not entitle him to free services or to utilize Defendant's resources for the deposition. See e.g., Brooks v. Tate, 2013 WL 4049053, *1 (E.D. Cal. Aug. 7, 2013) (indigent prisoner not entitled to take the depositions of defendant and non-party witnesses during his own deposition).

If Plaintiff wishes to conduct written or oral depositions, he should review Federal Rules of Civil Procedure 28, 30, 31, and 45. If, after reviewing these rules, Plaintiff believes he is able to depose Defendant Denny and former-Defendant Garza in compliance with the rules, Plaintiff shall notify the Court and make a showing that he is able and willing to retain an officer to take responses and prepare the record. At that time, the Court will reconsider Plaintiff's request for leave to depose Defendant Denny and former-Defendant Garza.

Based on the above, Plaintiff's motion for leave of court to depose Defendant Denny and former-Defendant Garza, filed February 19, 2015, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **March 6, 2015**        /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE