# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMER TYRONE LEWIS,<br><br>Plaintiff,<br><br>v.<br><br>KATHLEEN ALISON, et al.,<br><br>Defendants. | Case No. 1:12-cv-00856-LJO-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REFERRAL OF THIS CASE TO THE PRO SE PRISONER SETTLEMENT PROGRAM<br><br>ORDER SETTING SETTLEMENT CONFERENCE<br><br>(ECF No. 98) |

    Plaintiff Homer Tyrone Lewis ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On March 23, 2015, Plaintiff filed a motion to refer this case to the Pro Se Prisoner Settlement Program. (ECF No. 98.) The Court has determined that this case will benefit from a settlement conference, and Plaintiff's motion will be granted. Therefore, this case will be referred to **Magistrate Judge Michael J. Seng** for the Court's Settlement Week program to conduct a **settlement conference at the U.S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #6 on June 5, 2015, at 11:00 a.m.**

    A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

1

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to refer this case to the Pro Se Prisoner Settlement Program is granted.  This case is set for a **settlement conference before Magistrate Judge Michael J. Seng on June 5, 2015, at 11:00 a.m. at the U. S. District Court, 2500 Tulare Street, Fresno, California 93721 in Courtroom #6**.

2. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

4. Each party shall provide a confidential settlement statement to Sujean Park, 501 I Street, Suite 4-200, Sacramento, California 95814, or via e-mail at spark@caed.uscourts.gov, so they arrive no later than May 29, 2015, and file a Notice of Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).

Settlement statements **should not be filed** with the Clerk of the court **nor served on any other party**.  Settlement statements shall be clearly marked "confidential" with

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences . . . ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pitman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l., Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).

2

the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. A summary of the proceedings to date.

    d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    e. The relief sought.

    f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    g. A brief statement of each party's expectations and goals for the settlement conference.

IT IS SO ORDERED.

Dated:   **March 31, 2015**                             **/s/ Barbara A. McAuliffe**
                                                          UNITED STATES MAGISTRATE JUDGE